SUTTON, Circuit Judge, concurring in part and dissenting in part. I agree with the Court that hhgregg’s draw-on-commission policy for its active retail workers comports with the Fair Labor Standards Act. And. I agree with the Court that a draw-on-commission policy may under certain- circumstances violate the Act when employees leave the company. But I part ways with the Court in its conclusion that the company violated the rights of the named plaintiffs when they left the company. I thus would affirm in full Judge Dlott’s decision to dismiss the claims. According to the plaintiffs, hhgregg may not “claw back” draws it has plaid to satisfy its minimum wage obligations when an employee leaves the company with a draw balance. As a general matter, I agree, as did the district court and as ¿o my colleagues. The problem is that hhgregg did not do this and does not do it. As Judge Dlott correctly observed,' the amended complaint contains “no facts”- alleging hhgregg actually demanded that these employees (or any others) repay a draw after they left the company. R. 40 at 13, Trying to sidestep that conclusion, the plaintiffs point to two allegations: (1) “[u]n-der such [draw] policy and practice, if there is'an outstanding draw at the point the Similarly. Situated Employee leaves employment with Defendants, the employee is obligated to repay the. outstanding draw amount to the Defendants,” and (2)’ “[u]pon termination of .employment for any reason, Defendants continue to hold Plaintiffs and Similarly Situated Employees liable for any unpaid ‘draw1 amount.” Appellants’ Br, 33. But the plaintiffs concede that no such policy was applied to them. Asked whether the' named plaintiffs had been asked to repay any outstanding draw, their counsel could respond only that “[i]t is [hhgregg’s] policy to collect those once they leave.” Oral Arg. at 5:30-33. Plaintiff Robert Beck had “left owing a draw,” but “[t]he company did not make him, pay it.” Id. at 5:15-22. After admitting “[t]here had been no effort ... by the company to. collect the debt that [Beck] left with when he had an •excess draw,” counsel again argued that ■“we allege in the complaint that it. is [hhgregg’s] policy, because it’s stated specifically in the policy, that they collect those debts.” Id. at 7:19-39; see also id. at 7:40-46 (conceding that hhgregg did not collect the named plaintiffs’ unpaid draws, but “they can collect it”). The Court reasons that -a- provision in the company’s employment- policy violates the Act even if the company did not apply it to the plaintiffs or for that matter anyone else. That’s why the Court must resort to hypotheticals: that “an employee .., can be required” to repay the company, and “could be liable for thousands of dollars.” Maj. Op. 535 (emphasis added). - Oral argument cleared up any doubts. Defense counsel declared in open court that “the company never tos collected that money.” Oral Arg. -18:53-59. And it acknowledged it never will: Q. Can you say on behalf of the company’in open court that ... they’re not going to collect [any outstanding draws]? A. Yes, Your Honor. ... Q, For . anybody? Not just these plaintiffs, but for anybody? A. Correct, correct. ... Never have they. There is nothing in the record, in this- complaint, to suggest that, actually, the company has ever tried to collect. ... Q. But to be clear, I’m asking you on behalf of the company to say they’re not. going to, in the future, ever collect one of these' “debts” ... when someone leaves. A. Yes. Absolutely, Your Honor. And in fact, that language ... [is] no longer in the policy. Id. at 21:16-56. That’s all we should need to know to affirm Judge Dlott’s decision. So far as the amended complaint goes, there is no plausible factual predicate for this claim. The plaintiffs had no answer to the point at oral argument, and - none has emerged since. The plaintiffs’ “off-the-clock” overtime allegations do not fill this void. No one here claims that working off-the-clock amounts to a- per se violation of the FLSA, Plaintiffs must allege more: that they were paid less than time and a half for overtime hours worked. See 29 U.S.C. § 207(a)(1). In the absence of any such plausible allegations in the complaint, the claim necessarily fails.- In the final analysis, the plaintiffs have not alleged that hhgregg sought repayment of their outstanding draws after they left the company, and they have not alleged that they were paid less than time and a half for overtime hours worked. In the absence of such facts, their claims remain on the wrong side of, “the line between possibility and plausibility.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). With the named plaintiffs claims’ dismissed, the district court lacked jurisdiction over any similarly situated plaintiffs. See Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 133 S.Ct. 1523, 1529, 1531-32, 185 L.Ed.2d 636 (2013). Judge Dlott properly granted hhgregg’s motion to dismiss in its entirety. For these reasons, I respectfully dissent.